## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAMAR RICHARD MILLER,** | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | **CIVIL NO. 19-CV-5670** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

**YOUNGE, J.**                                                              **DECEMBER 4, 2019**

Plaintiff Stamar Richard Miller has filed a civil rights complaint pursuant to 42 U.S.C.

§ 1983 and an Application for Leave to Proceed *In Forma Pauperis*.  Named as Defendants are

the George W. Hill Correctional Facility ("GWH") and Female Guard C/O Tucker.  For the

following reasons, Miller will be permitted to proceed without the payment of filing fees, GWH

will be dismissed with prejudice, and the Complaint will be served on Defendant Tucker.

## I.       FACTUAL ALLEGATIONS

The Complaint in this case is quite brief.  Miller alleges that he was assaulted in his cell

on November 19, 2019 by Defendant Tucker, who pushed his head back poked him in his left

eye.  (ECF No. 3 at 12.)[1]  He required medical attention as a result of the incident.  (*Id.*)  Miller

has named Tucker as a Defendant as well as GWH.

## II.      STANDARD OF REVIEW

Because Miller appears to be unable to pay the filing fee in this matter, the Court will

grant him leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Because Miller is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Conclusory allegations do not suffice. *Id.* As Miller is proceeding *pro se*, the Court construes

his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The § 1983 claim against GWH must be dismissed because a jail is not a "person" under Section

1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2

(E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D.

Pa. 1976). The claim against Defendant Tucker, will however, be served. An appropriate Order

follows.

**IT IS SO ORDERED.**

**BY THE COURT:**

**/s/ Judge John Milton Younge**
**Judge John Milton Younge**