IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STAMAR RICHARD MILLER**, | : |
| | :    Case No. 19-cv-5670-JMY |
| *Plaintiff* | : |
| | : |
| v. | : |
| | : |
| **FEMALE GUARD C/O TUCKER**, | : |
| | : |
| *Defendant* | : |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                               **August 21, 2020**

**I.**      **INTRODUCTION**

On November 29, 2019, Plaintiff Stamar Richard Miller initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Defendants George W. Hill Correctional Facility ("GWH") and Female Guard C/O Tucker ("Tucker"). ("Compl.," ECF No. 3.) On December 4, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*, and dismissed GWH pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* ECF No. 6.) On March 10, 2020, Defendant Tucker filed a Motion to Dismiss. ("Mot.," ECF No. 10.) Plaintiff did not file a brief in opposition within the prescribed period of time. *See* L.R. 7.1(c) (requiring that a brief in opposition be filed within fourteen days). During the months of April, May, and June 2020, the Court issued multiple Orders directing Plaintiff to file a brief in opposition and granted him extensions of time to do so *sua sponte*. (*See* ECF Nos. 11, 12, 15.) The Court also advised Plaintiff of his affirmative obligation to keep the Court informed of his current address. (*See* ECF No. 15 (citing L.R. 5.1(b).) To date, Plaintiff has not filed a brief in opposition to the Motion to Dismiss or responded to the Court's Orders. Accordingly, the Court will deem

Defendant's Motion to Dismiss uncontested and will grant it pursuant to L.R. 7.1(c); additionally, the Court will *sua sponte* dismiss this action *without prejudice* pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1]

## II.     BACKGROUND & PROCEDURAL HISTORY

The Complaint in this case is quite brief. Plaintiff alleges that he was assaulted in his cell on November 19, 2020 by Defendant Tucker, who pushed his head back and poked him in his left eye. (Compl. at 2-3.)[2] Plaintiff required medical attention as a result of the incident. (*Id*.)

On the same day that Plaintiff filed his Complaint, the Court sent Plaintiff a copy of its "Notice of Guidelines for Representing Yourself (Appearing '*Pro Se*') in Federal Court[.]" (ECF No. 4.) This Notice explains:

> One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned to your case directs otherwise. If you need more time to respond to a motion or comply with a deadline, you must file a motion for an extension of time.

(*Id*. at 4.)

The Notice further explains:

> It is important to keep the Court and opposing counsel, if any, advised of your current address. Failure to do so could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute or otherwise affect your legal rights. The Court's local rules require you to file a notice of change of address with the Clerk of Court within fourteen (14) days of an address change.

(*Id*. at 1-2.)

Defendant Tucker filed a Motion to dismiss on March 10, 2020. (*See* Mot.) The fourteen day deadline to file an opposition brief passed and Plaintiff did not file a brief in opposition. On

---

[1] The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; *see also* L.R. 7.1(f).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

April 16, 2020, the Court issued an Order specifically directing Plaintiff to file a brief in opposition and advising him that his claim against Defendant Tucker may be dismissed if he failed to respond by May 15, 2020. (*See* ECF No. 11 ("Plaintiff is also advised that failure to file a brief in opposition may result in Defendant's Motion being deemed unopposed or the dismissal of this case.").)[3] With no opposition brief timely filed, the Court *sua sponte* extended the deadline to do so twice more—with a final deadline of July 21, 2020. (*See* ECF Nos. 12, 15.) The Court further reminded Plaintiff of his obligation to update the Court with his current mailing address. (*See id*.) Plaintiff did not file a brief in opposition or update his mailing address.

## III. LEGAL STANDARD

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Iqbal*, 556

---

[3] On July 23, 2020, the Court became aware that this Order was returned as undeliverable from the U.S. Postal Service indicating that Plaintiff was released from GWH. (*See* ECF No. 17.) To ascertain Plaintiff's whereabouts, the Court searched the Pennsylvania Department of Corrections and the Federal Bureau of Prisons on-line inmate locators. *See* http://inmatelocator.cor.pa.gov/#/ (last accessed July 24, 2020); *see also* https://www.bop.gov/inmateloc/ (last accessed July 24, 2020). Neither website provided information to suggest that Plaintiff was presently in state or federal custody. The Court also accessed the Victim Information and Notification Everyday portal (VINELink) which confirmed that he is not in state custody but is currently on parole. *See* VINELink, https://www.vinelink.com/#/search (last accessed July 24, 2020). VINELink did not list a current mailing address for Plaintiff. *See id*.

U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**IV.    DISCUSSION**

    **A.    Defendant's Motion to Dismiss is Deemed Uncontested and Granted Pursuant to Local Rule 7.1(c)**

Local Rule 7.1(c) imposes an affirmative duty on a litigant to respond to motions and provides that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested[.]" L.R. 7.1(c). At the time that Plaintiff filed his Complaint, Plaintiff received a copy of the Court's *Pro Se* Guidelines (*see* ECF No. 4), and furthermore, as stated *supra*, this Court issued three Orders directing Plaintiff to file a brief in opposition (*see* ECF Nos. 11-12, 15.)

Despite this Court's repeated warnings that failure to file a brief in opposition may be construed as Plaintiff abandoning his case, Plaintiff still has not complied with Local Rule 7.1(c) or this Court's Orders to respond accordingly.  Therefore, the Court is compelled to find that Plaintiff does not oppose the Motion to Dismiss, thus, the Court grants the motion as uncontested.[4]  *See Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 (E.D. Pa. 1981) (failure to make a timely response allows the court to treat a motion as uncontested); *see also Box v. Wetzel*, Civil No. 18-cv-5266, 2020 WL 3542252, at *1 (E.D. Pa. June 30, 2020) (granting motion to dismiss as unopposed in *pro se* matter); *Sorrells v. Phila. Police Dep't*, Civil No. 15-5558, 2016 WL 7650648, at *1 (E.D. Pa. Jan. 26, 2016) (granting motion to dismiss as uncontested and dismissing the complaint in its entirety with prejudice), *aff'd*, 652 F. App'x 81, 83 (3d Cir. 2016).

### B.  This Action is Dismissed Pursuant to Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *see also Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195-96 (3d Cir.

---

[4] Mindful of Plaintiff's *pro se* status, the Court will nevertheless discuss the *Poulis* factors as set forth in Section IV.B.  *See Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) ("We have long recognized the policy of law which favors disposition of litigation on the merits.  Thus, we have held that District Courts may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint solely on the basis of a local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Rule 12(b)(6). That is because such a dismissal is not really a dismissal for failure to state a claim but is instead a sanction.  And before District Courts take a drastic step of dismissing a complaint as a sanction, they generally must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).") (internal quotation marks and citations omitted).

2010) (noting the United States Supreme Court has held that Rule 41(b) allows for *sua sponte* dismissals in the context of a failure to prosecute).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion.  *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).  That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors.  *See Poulis*, 747 F.2d at 868.  As our Court of Appeals has stated:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis*, 747 F.2d at 868.)  As discussed below, the Court finds that four of the six factors weigh in favor of dismissal.

As to the first *Poulis* factor, the Court notes that throughout the entirety of this action Plaintiff has proceeded *pro se* and his failure to comply with the Court's Orders is attributable only to him.  *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (stating *pro se* plaintiff is responsible for his or her own failure to comply with court orders); *see also Warren v. Northampton Cty.*, Civil No. 16-1089, 2019 WL 588737, at *4 (E.D. Pa. Feb. 12, 2019) (concluding a *pro se* plaintiff's personal responsibility for failure to comply with court orders weighed in favor of dismissal).  As to the second factor, Defendant has experienced some prejudice because the Court has delayed ruling on the Motion to Dismiss, and furthermore, this case has been prolonged awaiting Plaintiff's compliance and Defendant has been unable to proceed to discovery.  *Warren*, 2019 WL 588737, at *4 (finding plaintiff's failure to submit

change of address, participate in discovery, or otherwise communicate with the court weighed in favor of dismissal). As to the third factor, Plaintiff's history of dilatoriness includes his failure to comply with three Court Orders directing him to file a response brief and to file an updated change of address if necessary. (*See* ECF Nos. 11-12, 15); *see also Drayton v. Spotts*, Civil No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (noting plaintiff's failure to comply with two court directives indicated a history of dilatoriness weighing in favor of dismissal); *see also*, *e.g.*, *Thomas v. City of Phila.*, Civil No. 19-90, 2020 WL 586993, at *2 (E.D. Pa. Feb. 6, 2020) (dismissing *pro se* action noting that although Plaintiff "has been released from custody, he has not provided the court or [defendant] with any information regarding how to communicate with him for purposes of this case."); *Jones v. Thomas*, Civil No. 15-1388, 2020 WL 599833, at *2 (M.D. Pa. Feb. 7, 2020) (dismissing action and noting that plaintiff was no longer in custody, failed to comply with the court's mailing address requirements, and that because the court "has no means to communicate with plaintiff . . . [i]t is reasonable to conclude that [plaintiff] has abandoned his lawsuit."). As to the fourth factor, the Court finds that there is no evidence that Plaintiff's conduct is willful to the extent it warrants this factor weighing in favor of dismissal. *See Briscoe*, 538 F.3d at 262 (noting that willfulness involves intentional, self-serving behavior that is "characterized as flagrant bad faith"). The fifth factor weighs in favor of dismissal because this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available because Plaintiff appears *pro se* and *in forma pauperis*. *See id*. at 262-63 (stating alternative sanctions unavailable where plaintiff proceeded *pro se*, *in forma pauperis*, and was incarcerated); *see also McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, '[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser

sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.' Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for [Plaintiff]'s failure to provide the Court with an accurate mailing address.") (internal citation omitted). Lastly, the Court finds the remaining sixth factor neutral. The Court can only determine the merit's of Plaintiff's § 1983 claim through the allegations in his Complaint, and, without discovery, it is unclear whether Plaintiff's claim against Tucker would survive summary judgment. *See Drayton*, 2019 WL 5167011, at *3 (noting the merits factor was neutral because based on the complaint the claim was facially meritorious but there was no evidence of plaintiff's ability to meet his burden at summary judgment); *see also Thomas*, 2020 WL 586993, at *3 (same).

The Court is mindful that "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because Plaintiff's failure to comply with the Court's Orders have stalled the adjudication of this case and prejudiced Defendant in her preparation of a defense, the *Poulis* factors weigh in favor of dismissal.

## V.     CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss as unopposed pursuant to Local Rule 7.1(c), and will *sua sponte* dismiss this action *without prejudice* pursuant to Federal Rule of Civil Procedure 41(b). An appropriate Order will follow.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

8